UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>BRAYAN MEDINA ARTEAGA,<br>Defendant. | Case No. 24-cr-00230-RS-1<br><br>**ORDER SETTING EVIDENTIARY HEARING** |

Defendant Brayan Medina Arteaga moves to suppress evidence seized during a narcotics spotting operation on October 24, 2023, around Seventh and Stevenson Streets in San Francisco. He argues the San Francisco police officers who arrested him without a warrant lacked probable cause to do so. Medina Arteaga asserts, contrary to the government's representations, that (1) the only item he removed from the backpack he and his companion possessed on October 24 was a bottle of alcohol (and not a plastic baggie containing narcotics) and (2) he did not "duck into an alcove" to avoid detection by police. The government points to testimony offered by Sergeant Justin Erb in two state court evidentiary hearings in contradicting these claims. Medina Arteaga insists he is entitled, at a minimum, to an evidentiary hearing to resolve these disputes. For the reasons below, an evidentiary hearing is warranted.

An evidentiary hearing on a motion to suppress must be held "when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude" that "a significant disputed factual issue exists such that a hearing is required." *United States v. Howell*, 231 F.3d 615, 620–21 (9th Cir. 2000) (citation and internal quotation marks

omitted); *see United States v. Mejia*, 69 F.3d 309, 318 (9th Cir. 1995). An evidentiary hearing "is not required on a motion to suppress if the grounds for suppression consist solely of conclusory allegations of" an illegal search. *United States v. Ramirez-Garcia*, 269 F.3d 945, 947 (9th Cir. 2001).

The parties agree two evidentiary hearings took place in San Francisco Superior Court concerning the lawfulness of the search at issue before this case became a federal action.[1] Medina Arteaga did not testify at either hearing. Erb—the police officer who allegedly witnessed Medina Arteaga remove a plastic baggie from a backpack containing what Erb believed to be cocaine base—did testify. The state court denied Medina Arteaga's motion to suppress after hearing this testimony, finding Erb had probable cause to arrest and search Medina Arteaga pursuant to that lawful arrest. The government points to Erb's testimony in the state court hearings in arguing Erb had probable cause to arrest Medina Arteaga. Erb was working as a spotter on the night of the arrest, something he had done at least 50 times before. He is familiar with how a variety of drugs are packaged and has observed "suspected cocaine base and made arrests for possession for sale of cocaine base on hundreds of occasions." Dkt. 25, at 10. Erb was using binoculars and was less than 100 feet from Medina Arteaga and another individual who was holding a backpack. Defendant does not meaningfully dispute any of the above facts.

That said, Medina Arteaga disputes a central fact upon which the state court relied in finding probable cause to arrest: he claims the only item he removed from the backpack on October 24 was a bottle of New Amsterdam alcohol. He also disagrees he engaged in evasive actions to avoid police detection; instead, he claims he merely "turn[ed] and fac[ed] the side of a building when [he] used drugs with [his] friends" that night. Dkt. 29-1, at 1–2. Erb, on the other hand, testified he saw Medina Arteaga withdraw a plastic baggie containing what he perceived to be cocaine base from the backpack and later "duck into an alcove area" to avoid police. Dkt. 25, at 6. Medina Arteaga contends these disagreements constitute factual disputes necessitating an

---

[1] The second hearing apparently took place due to an evidentiary issue in the first hearing.

ORDER SETTING EVIDENTIARY HEARING
CASE NO. 24-cr-00230-RS-1

2

evidentiary hearing absent a suppression order. The defense rejects the government's suggestion that a federal court may "legally adopt a state court judge's credibility determination of an officer's testimony as to facts that are later rebutted by a defendant." Dkt. 29, at 3.

The government does not claim the state court's probable cause finding precludes a different finding here.[2] Nor does the government point to authority for the proposition that a federal court may simply accept a state court's credibility determinations and, in so doing, eliminate any need for an evidentiary hearing. It is not improper, however, for a federal court to look to state court proceedings as part of the relevant record in determining whether a factual dispute exists and whether an evidentiary hearing must be held. Erb's testimony in state court was under oath, transcribed, and is uncontradicted in many respects.

The government opposes an evidentiary hearing on the grounds there is "no genuine dispute of material fact or facts that would alter the legal outcome." Dkt. 25, at 17. Whether Medina Arteaga's arrest and the subsequent search was lawful, however, depends on the credibility of Erb's testimony about what he saw on the night of the arrest in the face of any potentially contradictory testimony. *See, e.g.*, *United States v. Gearheart*, No. 6:23-mj-00006-HBK-1, 2024 WL 2022695, at *1 (E.D. Cal. May 7, 2024) (finding evidentiary hearing warranted given contested issue of fact where one officer smelled tobacco while others smelled marijuana). Medina Arteaga has submitted two declarations in which he attests he removed only alcohol from the backpack and did not engage in countersurveillance maneuvers, such as ducking into an alcove, to avoid police detection. *Cf. United States v. Howard*, No. 20-cr-327, 2021 WL 879878, at *7 (N.D. Cal. Mar. 9, 2021) (declining to hold evidentiary hearing where defendant did not submit declaration contradicting officers' accounts of events). Medina Arteaga's contentions are sufficiently specific and supported to merit an evidentiary hearing.

---

[2] The Ninth Circuit has "not squarely addressed the preclusive effect of the denial of a suppression motion in an earlier state-court proceeding," but has pointed to other courts' decisions declining to find preclusion in such circumstances. *United States v. Wilson*, 13 F.4th 961, 966 n.5 (9th Cir. 2021).

**CONCLUSION**

Medina Arteaga's request for an evidentiary hearing is granted. An evidentiary hearing will be set for August 13, 2024, at 1:30 pm; this hearing will be limited to one hour and thirty minutes. At the hearing, each side will be permitted to present a witness (Sergeant Erb and Medina Arteaga) to testify to (1) what Medina Arteaga removed from the backpack on October 24, 2023 (and the basis for such conclusions), and (2) Medina Arteaga's alleged "countersurveillance" maneuvers. The motion to suppress will then be taken under submission.

**IT IS SO ORDERED**.

Dated: August 1, 2024

_____
RICHARD SEEBORG
Chief United States District Judge